IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **JEFFREY L. GRUNDY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 6:05-CV-21 (HL) |
| **GENE'S TOWING INC.**, a Washington | : | |
| Corporation; **PSC, INC.**, a Washington | : | |
| Corporation; **TOPCO FINANCIAL** | : | |
| **SERVICES, INC.**, a Washington | : | |
| Corporation; and **DOES 1-100,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Plaintiff commenced this action by filing a complaint in this Court on May 2, 2005. Although Defendants filed Notices of Appearance, they did not answer Plaintiff's complaint within the requisite time period. As a result Plaintiff filed a Motion for Default Judgment against Defendant TOPCO and requested a hearing to determine the amount of damages recoverable. The Court directed the clerk to enter the Default of Defendant TOPCO and directed the calendar clerk to set the matter down for a hearing.

An evidentiary hearing was scheduled for July 7, 2005, in order to hear evidence as to the amount of damages sustained by Plaintiff. At the hearing no evidence was presented as Plaintiff stated to the Court that the case was close to settlement and he wished to continue negotiations with the Defendants rather than go forward with the hearing. The Court complied with Plaintiff's request and concluded the hearing without taking any evidence or entering a default judgment.

A month later, Plaintiff filed a Motion of Default Judgment against Defendant Gene's Towing and a Motion for a Hearing to determine the amount of damages recoverable from both Defendant TOPCO and Defendant Gene's Towing. The Court directed the clerk to enter the default of Defendant Gene's Towing and again set the matter down for an evidentiary hearing to determine damages. The hearing was scheduled for December 15, 2005. Although all parities involved were notified through the Court's electronic filing system and through first class mail of the time, date, and location of the hearing, all parties failed to appear. As of the date of this order, Plaintiff has not made contact with the Court.

Although the language of Rule 41 of the Federal Rules of Civil Procedure does not explicitly authorize a Court to sua sponte dismiss a case for failure to prosecute, the Supreme Court of the United States expressly authorized the practice in <u>Link v. Wabash R.R. Co.</u>. 370 U.S. 626, 629, 82 S. Ct. 1386, 1388 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Id.</u> at 629, 82 S. Ct. at 1388. In view of Plaintiff's willful delay in this case and considering that a lesser sanction would not better serve the interests of justice, Plaintiff's case is dismissed with prejudice for failure to prosecute.

**SO ORDERED**, this the 19th day of December, 2005.

<u>/s/ Hugh Lawson</u>
**HUGH LAWSON, Judge**

scs